FARROW *vs*. PATTON, executor, *et al*.

[WARNER, C. J., was providentially prevented from presiding in this case.]

Ejectment on the demise of an executor cannot be defended upon a lease by the executor to the defendant where such lease does not cover the premises in dispute.

Ejectment. Before Judge LESTER. Lumpkin Superior Court. April Term, 1878.

Defendants in error brought ejectment-against plaintiff in error, demises being laid both from Patton, executor, and Puckett, who held by deed from him. Both sides claimed under Porter, deceased; Puckett had a deed from his executor, Patton, made after his death under order of the ordinary to perfect titles; Farrow held under a lease from the executor for thirteen years, dated October 8, 1874; the description in the lease was sufficiently general to cover the land in dispute, and much more besides, but contained this provision: "This lease is subject to all rights deeded to certain parties who purchased lots from the said deceased, or

said executor, on either of the first three above named lots, as deeded in these respective deeds, this lease to embrace all of lot No. 971 not previously sold as above stated, etc." The land in controversy was a part of lot No. 971. Puckett's deed was dated August 21, 1875, but recited that it was to perfect title in pursuance of a sale by the deceased in 1869. Some point was made on the regularity of the order by the ordinary under which the deed was made. The jury found for the plaintiffs. Defendant moved for a new trial, which was refused, and he excepted.

W. P. Price; R. H. Baker; H. P. Bell; R. P. Lester; John L. Hopkins, for plaintiff in error.

Wier Boyd, for defendants.

Jackson, Justice.

In the view we take of this case, it is wholly unnecessary to consider the question of the admissibility of Puckett's evidence and the validity of his title. The plaintiffs are entitled to recover upon the demise in the name of Porter's executor, Patton, for the reason that this piece of land sold to Puckett by Porter, was not leased to Farrow, the defendant, but expressly reserved. Farrow holds under a lease from Porter; that lease does not cover this land, because land bargained and sold before the lease was, by its true intent and meaning, reserved from the operation thereof, and this strip was sold before the lease; hence the title, if it did not vest in Puckett on account of any informality in the deed, or the fact that it was made by the executor after Porter's death, remains in the estate of Porter, and the land can be recovered by his executor.

The fact is that Farrow had notice of the claim of Puckett to this land; that he had paid Porter for it in his lifetime, and that the executor had staked it off to Puckett since his decease. He built upon it with his eyes open, and must suffer the consequences.

There is evidence enough to support the verdict for mesne profits.

Judgment affirmed.